KROLIKOWSKI and another, Respondents, vs. MUTUAL BUILDING AND SAVINGS ASSOCIATION, Appellant.

*February 5—March 4, 1930.*

For the appellant there was a brief by *Schmitz, Wild & Gross* of Milwaukee, and oral argument by *Edwin J. Gross.*

For the respondents there was a brief by *Kleczka & Kleczka* of Milwaukee, and oral argument by *John C. Kleczka*.

STEVENS, J.   The defendant association adopted a by-law which provided: "Members may repay their loans at any time, in full or in amounts of $100, by giving thirty days' notice to the secretary and upon paying the withdrawal fee of $1 per share, together with one month's additional interest on amount repaid."

The question presented is the validity of this provision requiring one month's additional interest to be paid.   In order to determine that question we must examine the powers conferred upon such associations by statute.   Sec. 215.07 confers power "to make loans to members . . . upon such terms and conditions as may be provided in the by-laws." Under sec. 215.26 the articles of the association and by-laws must specify "the terms and conditions upon which loans may be obtained, paid and canceled," but such by-laws shall not be "inconsistent with law."

Sec. 215.18 provides that "A borrower may repay his loan at any time by giving thirty days' written notice of his intention.   He shall be charged with the amount of the original loan and interest, premium and fines in arrears, and be given credit for the withdrawal value of his shares pledged as security.   The balance shall be received in full satisfaction of said loan."   By providing that the borrower shall be charged with the amount of the loan and *interest in arrears* and that, after being credited with the withdrawal value of his shares pledged to secure the loan, *"the balance shall be received in full satisfaction of said loan,"* the legislature has evidenced an intent to limit the interest that must be paid to the amount that is due at the time the loan was repaid.

The defendant association therefore had no power to adopt the by-law which required interest to be paid for one month after the principal of the loan has actually been paid.

By requiring the borrower to give thirty days' notice of his desire to repay the loan, the statute has given the association time in which to make a new loan and thus keep its funds invested where they will be earning a return.

*By the Court.*—Order affirmed.

FRITZ, J., took no part.